**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CORD HARRIS** (#2011-1230206), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 10121 |
| | ) | |
| **OFFICER JOHN DOE**, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| **CORD HARRIS** (#2011-1230206), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 10401 |
| | ) | |
| **OFFICER EDWARDS**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Under this District Court's LR40.3(b)(1)(B), pro se plaintiff Cord Harris ("Harris") in this 42 U.S.C. § 1983 action is this Court's "pen pal" for all lawsuits alleging deprivations of civil rights. Because this Court had received Harris' first such action via random assignment in Case No. 13 C 801, Harris' next such lawsuit (Case No. 13 C 5470) was accordingly assigned directly to this Court's calendar, and that procedure has most recently been followed in Case Nos. 14 C 10121 and 14 C 10401.

In Case No. 13 C 801 Harris paid the filing fee and has been represented by retained counsel from the outset. But beginning with Case No. 13 C 5470 and continuing with the two cases filed in December 2014 Harris has sought to invoke the special in forma pauperis ("IFP") status that Congress has created for prisoner plaintiffs in 28 U.S.C. § 1915 ("Section 1915"), in

each instance utilizing the In Forma Pauperis Application ("Application") form provided by this District Court Clerk's Office for that purpose.[1]

Regrettably information recently uncovered by one of the able attorneys in the Staff Attorney's Office, James Dvorak, has exposed Harris as having provided false information and as gaming the system in a way that distorts Section 1915's purpose. Although Harris represented in his November 20, 2014 Application that he had not received more than $200 in funds over the preceding 12 months from <u>any</u> of the numerous categories listed in the Application, including the catchall category "any other source," his trust fund account reflects a $3,000 deposit in February 2014. And that false representation was made more egregious by Harris' quick withdrawal of most of that $3,000 by writing checks to a "friend" or "friends" (it is unclear from the trust fund printout whether one or more persons was or were involved in the arrangement, but the analysis is the same in either event), who in turn later redeposited those funds into his account over the next several months -- redeposits that Harris promptly expended on commissary items well before he filed his suits in December. Indeed, though Case No. 14 C 10121 is grounded on an asserted attack on Harris by a fellow prisoner in July 2014, he did not file that suit until December 16 -- at a time when his trust fund account balance (in consequence of the just-described pattern of deposits followed by commissary expenditures that exhausted the account) had again been reduced to $0.

It is exceedingly clear that in reality Harris' arrangement with his "friend" or "friends" was one in which the funds were and remain Harris', with that person or those persons acting as

---

[1] Even though both 2014 lawsuits were filed in the last half of December, Harris coupled his Complaint in each with an Application dated November 20, 2014. If then he hoped to be successful in obtaining IFP status, he would have to provide more information as to his inmate trust fund account to cover the entire six-month period specified in Section 1915(a)(2).

an interim repository holding the funds for him. And that means that Harris' qualification or disqualification for IFP status must be viewed in that light.

Recently columnist Phil Rosenthal of the Chicago Tribune wrote a piece about the current controversy that some have labeled "deflategate," referring in the course of his article to the huge fine that had been paid by New England Patriots Coach Belichick for cheating on a prior occasion and coming to the unfortunate conclusion that "cheaters win." That may be so in the pro football arena, but it is unacceptable in the justice system -- indeed, Section 1915(e)(2)(A) specifically provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue.

In every real world sense, Harris' allegation of poverty reflected in his Applications has been untrue. Hence this Court dismisses both of his December 2014 actions, Case Nos. 14 C 10121 and 14 C 10401, without prejudice. Nothing said here has either made or implied a ruling as to the substantive viability of either of Harris' claims in those actions, and this Court has no desire to deprive him of any claimed constitutional rights, so that he remains free to reassert either or both of those claims in fee-paid new lawsuits. In that respect it is noteworthy that Harris still has constitutional Case Nos. 13 C 801 and 13 C 5470 pending, in each of which cases he is represented by counsel who are pursuing his claims on his behalf.[2]

                                            */s/ Milton I. Shadur*
                                            Milton I. Shadur
Date: January 29, 2015                Senior United States District Judge

---

[2] After this opinion had been prepared and transcribed for final edits, this Court was apprised of Harris' having just filed still another lawsuit. Because the Judge's Copies of that new Complaint and any associated documents have not reached this Court's chambers, no comment is made here as to the status of that new lawsuit.